UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-400-GWU

JENNIFER WARD,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-400  Jennifer Ward

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)? If yes, the claimant is disabled.  If no, proceed
        to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.  See 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.  See 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.  Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before
it, despite the plaintiff's claims that he was unable to afford extensive medical work-
ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.
1987).  Further, a failure to seek treatment for a period of time may be a factor to be
considered against the plaintiff, Hale v. Secretary of Health and Human Services,
816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

06-400  Jennifer Ward

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-400  Jennifer Ward

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

06-400  Jennifer Ward

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Jennifer Ward, was found by an administrative law judge (ALJ) to have "severe" impairments consisting of obesity and borderline intellectual functioning.  (Tr. 14).  Nevertheless, based, in part, on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Ward retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 15-19).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 26, high school education and semi-skilled work experience could perform any jobs assuming that she were limited to "medium" level exertion with a sit/stand option at intervals of one hour, and would be limited to performing simple, repetitive tasks in an object-focused work environment.  (Tr. 178-9).   The VE

responded that there were jobs at the "light" level of exertion, and proceed to give the numbers in which they existed in the state and national economies. (Tr. 179).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence. The plaintiff had filed a previous application for SSI, which was denied in an ALJ decision of March 19, 2004 (Tr. 32-6), and subsequently affirmed by this Court on March 31, 2005. Ward v. Barnhart, London Civ. Action No. 04-256-GWU (E.D. Ky.). The Court upheld the prior ALJ's finding that the plaintiff did not have a "severe" impairment. (Tr. 35). Because the ALJ did not reopen the prior decision, that determination is now final, but, in any case, the plaintiff could not be awarded benefits prior to January 27, 2005, the protective filing date of her current application. (Tr. 57-69).

Although the plaintiff complained of back pain and a feeling of numbness all over (Tr. 172, 175), a neurological examination by Dr. Anne Constantino late in 2004 did not produce any abnormal findings other than excessive weight. Dr. Constantino assessed low back pain suggestive of sciatica, but did not provide any functional restrictions. (Tr. 137, 141-3). Dr. Kip Beard conducted a consultative physical examination of the plaintiff in May, 2005 and noted a slow but otherwise normal gait, pain with range of motion testing, tenderness, and some mild range of motion loss without neurological compromise. (Tr. 144-8). He did not suggest any functional

restrictions, and state agency physicians who reviewed the evidence concluded that Mrs. Ward did not even have a "severe" physical impairment.  (Tr. 149-50).

Therefore, the ALJ clearly gave the plaintiff the benefit of the doubt in finding that her obesity was an "severe" impairment and placing some functional restrictions on the plaintiff due to that condition.

However, from a mental standpoint, the only examining source was Reba Moore, a psychologist.   Moore conducted an interview of the plaintiff and administered certain objective tests, including IQ testing which showed a full scale of 72, at the lower end of the level of borderline functioning.   (Tr. 155-7). Achievement testing showed a fourth grade reading and third grade arithmetic ability. (Tr. 155).  The ALJ accepted the diagnosis of borderline functioning, but rejected Moore's diagnosis of a "mood disorder due to medical problems with depressive features." (Tr. 157).  The psychologist also prepared a mental medical assessment form indicating that the plaintiff had poor or no useful ability to understand, remember, and carry out complex job instructions and a "seriously limited but not precluded" ability to relate to coworkers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, understand, remember, and carry out detailed but not complex job instructions, relate predictably in social situations, and demonstrate reliability. (Tr. 158-9).  Moore's diagnosis of depression was partially based on the plaintiff's

9

06-400  Jennifer Ward

mood during the interview and partially on psychological testing which was said to have a "depressive quality" among other features.  (Tr. 156-7).

The ALJ stated that he found no evidence of limitations based on a depressive disorder because of the plaintiff's testimony that she quit working based on physical, rather than mental, problems.  (Tr. 14, 16).  By itself, this does not disprove the existence of mental limitations, however.  While Reba Moore was not a treating source, she was the only mental health expert to examine the plaintiff and to give an opinion regarding functional restrictions due to mental factors.  Therefore, if the opinion of the examining source is to be rejected, the ALJ should at least have obtained an opinion from a reviewer with access to all of the evidence.

It should also be noted that Moore's achievement testing showed reading and arithmetic abilities far below the level of Mrs. Ward's formal high school education, a factor not fully accommodated by a restriction to simple, repetitive work.  20 C.F.R. Section 404.1564(b).

The decision will be remanded for further consideration of the plaintiff's mental restrictions.

This the 23rd day of May, 2007.



**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

10